# EXHIBIT A

## SUPPLEMENTAL DECLARATION OF

## ANTOINETTE B. SHINER

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JENS PORUP,

        Plaintiff,

    v.

CENTRAL INTELLIGENCE AGENCY,

        Defendants.

Civil Action No. 17-00072

SUPPLEMENTAL DECLARATION OF ANTOINETTE B. SHINER
INFORMATION REVIEW OFFICER
FOR THE LITIGATION INFORMATION REVIEW OFFICE
CENTRAL INTELLIGENCE AGENCY

I, ANTOINETTE B. SHINER, hereby declare and state:

## I.   INTRODUCTION

1.   I currently serve as the Information Review Officer ("IRO") for the Litigation Information Review Office at the Central Intelligence Agency ("CIA" or "Agency").[1]   I previously submitted a declaration in this matter, dated 12 April 2019 ("First Declaration").

---

[1] For a description of my qualifications and experience, please refer to my previous declaration, dated 12 April 2019.

1

2.    As described in the First Declaration, I have become familiar with this civil action and the underlying FOIA request through the exercise of my official duties.  I make the following statements based upon my personal knowledge and information made available to me in my official capacity.

## II.   SEARCH OF OPERATIONAL FILES

3.    Plaintiff's Opposition Brief filed on May 21, 2019 raised objections regarding CIA's obligation to search operational files in response Plaintiff's FOIA request.  In response to those objections, CIA undertook a search of its DO operational files for potentially responsive, non-exempt documents relating specifically to Plaintiff's request for records concerning CIA's "use of poison for covert assassination."  CIA's operational files are generally exempt from search in response to FOIA requests, except under certain narrow circumstances, including in cases where, as here, the records requested pertain to the subject of an investigation by one of the congressional intelligence committees into allegations of wrongdoing during the conduct of intelligence activities.

4.    In this case, the subject of the request falls within the scope of the Church Committee's Interim Report on Alleged Assassination Plots.  The searches described in this declaration were crafted to capture all potentially responsive records

created on or before December 31, 1980 — five years after the
Church Committee's Report was published.  CIA selected this time
period and crafted searches in an effort to capture potentially
responsive materials that would have existed at the time of the
Committee's review, as well as any documents created in an
attempt to address the concerns raised by the Report, that may
be contained within the operational files.

5.   Based on the subject matter of the request, CIA then
determined that the operational files of the DO were the files
reasonably likely to have responsive records if those records
were to exist.  With that in mind, experienced staff within the
Information Management Services ("IMS") and the Directorate of
Operations ("DO") conducted searches within the DO operational
files using methods and terms reasonably calculated to uncover
responsive material.  Specifically, search personnel conducted
searches using terms including: poison, covert, assassination,
"Church Committee," "Rockefeller Commission," "family jewels,"
"ZR/RIFLE," "AMLASH," "Patrice Lumumba," and "Mongoose." IMS and
DO search personnel selected these terms based upon familiarity
with subject of the request, and the determination that searches
of the DO's operational filing systems utilizing these terms
would reasonably be expected to identify any potentially
responsive documents.

6.    Because of the historical nature of the potentially responsive materials, separate DO searches had to be run of the DO's current and archived operational files.  CIA applied the same terms to search both the current and archived records.  Current DO operational files — those records which have not yet been archived — are stored electronically.  Early on, search specialists concluded that the search terms described above were likely to generate large numbers of false hits in these electronic systems.  Consequently, search personnel used Boolean connectors to create logical search queries, searching multiple terms at once, in an effort to tailor the searches to more accurately target and locate any potentially responsive material that may exist within the DO operational files.  Search personnel concluded that such compound searches would be more efficient, prevent the searches from returning large numbers of non-responsive documents, and constituted the best method to determine whether any responsive operational files existed.  These searches returned a number of hits.  However, after a careful, line-by-line review of each document, search personnel with knowledge of the request described above determined that none of those files contained material responsive to this request.

7.    The DO's archived operational files, on the other hand, are stored in hard copy at the Agency Archives and Records

Center ("AARC").  The AARC uses an electronic system to provide an automated inventory of records retired to its facilities. While the records themselves are stored in hard copy, the electronic inventory system tracks the contents of the records stored at the facility through the use of key words and phrases relating to the subject matter of the documents.  The same search terms described above were run through the AARC's electronic inventory system and returned no potentially responsive materials in the DO's operational files.  Boolean terms and connectors were not required to tailor the search of the AARC's electronic inventory system.  Each search term was run separately.

## III.  CONCLUSION

8.   In this case, CIA has conducted a thorough search for responsive documents in the CIA's operational files, and determined that it has searched all files reasonably likely to contain responsive operational records.  Based on information provided to me by personnel familiar with the records and systems at issue, I have determined that, with respect to the search of the DO operational files, there is no reasonably identifiable responsive information to be released.

*        *        *

5

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of September 2019.


_Antoinette B. Shiner_
Antoinette B. Shiner
Information Review Officer
Litigation Information Review Office
Central Intelligence Agency